IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAD STITES,

            Plaintiff,

  v.

                                 Case No.:

CITY OF LODI, A MUNICIPAL CORPORATION; CITY OF
LODI  CHIEF OF POLICE WAYNE R. SMITH; DEPUTY
ROBIN MESSER; TRAJAN PROCHNOW, POLICE
OFFICER; LT. JORDAN HAUETER, COLUMBIA
COUNTY SHERIFF'S DEPARTMENT; K-9 RICO, POLICE
OFFICER; COLUMBIA COUNTY, A MUNICIPAL
CORPORATION; COLUMBIA COUNTY SHERIFF ROGER
L. BRANDNER;

              Defendants.

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiffs, CHAD STITES, by their attorneys, THE LAW OFFICES OF DAVID J. LANG, and complains against the above-named Defendants, and for their claims for relief, alleges and shows to the Court as follows:

## I.    INTRODUCTION

1.    This is a civil rights action under 42 U.S.C. § 1983 to redress the deprivation under color of the law of Plaintiffs' rights to be free of excessive force and unlawful arrest and for equal protection under the laws as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

## II.    JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and Laws of the United States, and pursuant to 28 U.S.C. § 1343 because this action seeks to redress the deprivation, under

color of state law, of Plaintiff's civil rights.

3. This Court has supplemental jurisdiction over all state law claims which arise out of the same facts common to Plaintiffs' federal claims pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(a) because most Defendants reside in this district and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this district.

### III.   PARTIES

5. Chad Stites ("Stites"), date of birth March 22, 1972, was 51 years old at all times relevant hereto and an adult citizen of the United States living at N550 Gannon Rd Lot H1 Lodi WI 53555. Chad Stites suffered severely on December 9, 2023, as a result of the Defendants' unlawful conduct as alleged herein. Mr. Stites is an older male individual.

6. Defendant City of Lodi ("Lodi") with offices of its executive at 130 South Main Street  Lodi, WI 53555, is and was at all times material hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Lodi established, operated and maintained Lodi Police Department ("LPD") at all times material hereto; Lodi is ultimately responsible for the training, supervising, and discipline of LPD employees and the creation and implementation of its policies and procedures through its Chief of Police, Wayne R. Smith, and had ultimate control and authority over LPD and all Defendants, pursuant to Wis. Stat. § 895.46, is obligated to indemnify all Defendants in this action.

7. Defendant Wayne R. Smith was the Police Chief of the Lodi Police Department. In that capacity he oversees the LPD. By law, custom, de-facto or otherwise, and/or delegation, he has authority over the Police Department for all actions at issue in this case. He is

responsible for ensuring that policies and practices of the LPD comply with federal and state requirements for the treatment of citizens like the Plaintiff. He is sued in his official capacity for all the constitutional claims at issue arising out of Defendants' unlawful and racially motivated use of excessive force and detention. At all times relevant to this action, Defendant Smith was acting under color of the law and within the scope of his employment with the LPD or Lodi.

8.    Defendant Deputy Robin Messer ("Messer") is an adult citizen of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Messer was a deputy with LPD at all times relevant to this action and was acting under color of the law and within the scope of his employment with the LPD or Lodi at all times relevant hereto.

9.    Defendant Police Officer Trajan Prochnow ("Prochnow") is an adult of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Prochnow was a Police Officer with LPD at all times relevant to this action and was acting under color of law and within the scope of his employment with the LPD or Lodi at all times hereto.

10.    Defendant Lieutenant Jordan Haueter("Haueter") is an adult of the State of Wisconsin and a resident of the State of Wisconsin. Defendant Haueter was a Deputy Sheriff with Columbia County Sheriff's Department at all times relevant to this action and was acting under color of law and within the scope of his employment with the LPD or Lodi at all times hereto.

11.    Defendant Roger L. Brandner ("Brandner") is the Columbia County Sheriff of the Columbia County Sheriff's Department.  In that capacity he oversees the Columbia County Sheriff's Department.  By law, position, de facto, or otherwise, and/or delegation, he has authority over the Sheriff's Department for all actions at issue in this case.  He is responsible for ensuring that policies and practices of the Columbia County Sheriff's Department comply with federal and state requirements for the treatment of citizens like the Plaintiff.  He is sued in his official capacity for all the constitutional claims at issue arising out of Defendant's unlawful and

excessive use of force and detention.  At all times relevant to this action, Roger L. Brandner, was acting under color of law and within the scope of his employment with the Columbia County Sheriff's Department or Columbia County.

12.    Defendant, Columbia County, is a municipal corporation in the State of Wisconsin with the principal place of business at 112 E. Edgewater Street, Portage, WI 53901.  Columbia County manages and oversees the Columbia County Sheriff's Department and its employees, including Deputy Haueter for their policies, practices, and custodians that caused harm alleged herein and pursuant to Wis. Stat. **§** 895.46(1)(a), Columbia County is requested to pay or indemnify all judgments including compensation and punitive damages, attorney fees and costs that may be awarded against its officials, employees, and agents, including Lt. Haueter and all applicable parties named herein.

13.    That Defendant Lt. Haueter, Defendants Columbia County Sheriff's Department, and Columbia County employees, trained K-9 Rico, as a police dog.  These Defendants, Lt. Haueter, Defendants Columbia County Sheriff's Department, and Columbia County, are liable for this police Canine dog, Rico, for the harm that said dog caused pursuant to Wis. Stat. **§** 895.46(1)(a), for their policies, practices, and use of said dog and that Columbia County is requested to pay or indemnify all judgments, including compensation and punitive damages, attorney fees, and costs that may be awarded against its employees and agents, including Canine Rico and all applicable parties named herein.

### IV. GENERAL FACTUAL ALLEGATIONS: UNLAWFUL ARREST, EXCESSIVE USE OF FORCE AND DETENTION OF CHAD STITES

14.    Plaintiff re-alleges and incorporates by reference the allegations of all preceding paragraphs.

15.    On December 9, 2023, Mr. Stites was operating a motor vehicle on Highway 60 in Columbia County in Lodi, when the Lodi Police Department attempted to make a traffic stop.

16.     That on December 9, 2023 at approximately 10:38 p.m., Plaintiff Stites crashed his vehicle from the ice.  That Plaintiff Stites left his vehicle and entered a wooded area with thick brush and many trees.

17.     That Plaintiff Stites, after leaving his vehicle, got lost in the wooded area.  That Stites fell down next to a fallen tree.

18.     That Defendant, Lt. Haueter was using a heat sensor.  Defendant Messer had Rico of the K-9 Unit.  Messer stated, "announce yourself", several times before entering the wooded area by Plaintiff that, "you should come up with your hands up" or he would be bit by the K-9 dog.

19.     Approximately 45 seconds later, according to the video, Defendants Messer, with K-9 Rico and Haueter, find the plaintiff in a fetal position, with no shirt, no shoes, and with both hands wrapped around a tree branch.   The Plaintiff had no shirt on or shoes on and was laying on a fallen tree in the fetal position, not moving.

20.     That Defendant Haueter approached the Plaintiff in a fetal position from the front where in the video both of the Plaintiff's hands are grasping the fallen tree in full view of Haueter, while Plaintiff has no shoes and shirt on.

21.     That Defendant Haueter approached the Plaintiff from behind.  That Defendant Messer, with K-9 Rico, hollers at Plaintiff, "show me your hands", and for seven seconds in the video the Plaintiff does not have any body movement.  That from the video, Defendant, within a few feet of Plaintiff, can see the hands of the Plaintiff wrapped around the tree not moving.  That Messer has his light on the Plaintiff with his hands in full view with no weapon, but allows K-9 Rico to attack Plaintiff for over 12 seconds without pulling him off.  Defendant Messer allows K-9 Rico to bite and attache Plaintiff during these 12 seconds and only says to Plaintiff to stop fighting with my dog.

22.     That Plaintiff, while trying to push dog K-9 Rico away from biting him severely

injured his leg, stomach, and buttocks area, states to the Defendant, "please stop your dog". That Defendant never stopped the K-9 dog Rico despite having his leash.

23.    That Defendant Messer  allowed K-9 Rico, which he controlled, to bite and attack Plaintiff's Stites for almost a minute, while Plaintiff never resisted, had his hands shown to the defendant, with no weapon, and while not having a shirt or shoes on.

24.    That Plaintiff Stites during the first 12 seconds of the attack with excessive force by Defendant Messer and K-9 Rico shouted, "please stop, please stop", then while Rico is attacking Plaintiff, Defendant uses his flashlight to hit Plaintiff Stites several times to move him to his stomach.  That video shows that Plaintiff, at 8:32 in the video, was told to get on his stomach. That video shows at 8:34 Plaintiff had moved to his stomach, with Defendant Messer hitting Plaintiff with his flashlight and allowing K-9 Rico to continue to attack Plaintiff Stites for another thirty seconds or so until approximately 18:57 in the video.

25.    That video shows that at approximately 18:59 the Plaintiff is sitting up now with an arm behind his back and the other pushing the K-9  Rico away and trying to get the K-9 Rico off from attacking and biting him.  That Defendant Haueter without providing warning used his taser on Plaintiff Stites on his side and back area for over 6 seconds.   That Defendant Haueter then tases Plaintiff again for another 6 seconds despite Plaintiff not resisting or struggling with the Defendants.  Plaintiff is screaming for the Defendants to get the K-9 dog Rico off of him.  The second tasing by Haueter is for another 7 seconds in the back and buttocks area.

26.    That at the time of the tasing by Haueter and the dog attack by Messer and K-9 Rico, Defendant Prochnow has his knee in Plaintiff's back making it difficult for Plaintiff to breathe.

27.    That Defendants, Messer, K-9 Rico, Haueter, and Prochnow used excessive force on the Plaintiff Stites allowing the K-9 Rico to attack and bite him for almost a minute, hit him with a flashlight several times, using a taser twice for over fifteen seconds, and then by kneeing

the Plaintiff on the neck causing Stites to fear for his life, sustain serious physical and emotional injuries and suffer other losses and damages including severe pain, emotional distress, medical expenses, and other compensable injuries in an amount to be determined at the trial of this matter.

28.   The conduct as alleged above and below of the Defendants and against Mr. Stites where he didn't resist nor have a weapon with only his pants on during winter in Wisconsin.

## IV. FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS - EXCESSIVE FORCE

29.   Plaintiffs reallege and incorporate by reference the allegations of all the preceding paragraphs.

30.   At all relevant times herein, the above named Defendants, were "persons" for purpose of 42 U.S.C. § 1983 and acted under color of the state law to deprive Mr. Stites of his constitutional rights.

31.   At all times material here too, the Defendants Haueter, Messer, Prochnow and K-9 Rico used unnecessary, excessive force including but not limited to allowing K-9 Rico to attack and bite the defendant for almost a minute, Haueter tasing the defendant in the back and on his side on two occasions for almost 20 total seconds, Prochnow kneeling on the plaintiff's back making it difficult for him to breathe, Prochnow and Haueter striking the plaintiff with their flashlight several times, and grabbing and forcing his body and arms in a violent aggressive manner to injure the plaintiff.

32.   That at the time the Defendants used excessive force on the plaintiff Stites who posed no threat of death or severe bodily harm to the officers or anyone in the area.

33.   That the Defendants' conduct constituted excessive force without cause or justification in violation of Mr. Stite's Fourteenth Amendment rights as Incorporated by the Fourteenth Amendment and/or his equal protection rights guaranteed by the same misconduct.

34.    At all times material, the Defendants, were Lodi Police Department Officers or employed by Columbia County Sheriff's Department,  acting under the color of the statutes, customs, ordinances, and usage of the Lodi Police Department, Columbia County and Columbia County Sheriff's Department, and were acting in the scope of their employment.

35.    That the described conduct of the Defendants as set forth above was a cause of the plaintiff's injuries, losses, and damages as set forth herein.

36.    The Defendants, Lodi and/or Columbia County, are liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

### V.     SECOND CLAIM FOR RELIEF – FAILURE TO INTERVENE
### (Against Defendants Trajan Prochnow and Jordan Haueter)

37.    Plaintiffs reallege and incorporate by reference the allegations of all the preceding paragraphs.

38.    That Defendants Prochnow and Haueter arrived on the scene approximately at the same time that Defendant Messer and K-9 Rico were on the scene where Stites was in a fetal position with both hands shown wrapped around a fallen tree with no shirt and no shoes and that Stites was not holding a weapon or resisting any arrest or committing a crime at that time.

39.    That before Stites suffered from the unlawful abuse and excessive use of force described above by Defendants Messer, and K-9 Rico, the individual Defendants individually and collectively had many opportunities to intervene and prevent all of the injuries and losses sustained by Stites from Messer and K-9 Rico biting and snitching into Stites's leg and body which was unlawful conduct and excessive use of force.

40.    Before Stites suffered from the arrest as described above, Defendants Prochnow

and Haueter had many opportunities, over a minute witnessing Messer and K-9 Rico attack and injure Stites, to intervene and prevent the injuries that Stites suffered as a result of the use of excessive force and unlawful arrest.

41. That even after Stites was attacked excessively by Messer and K-9 Rico, Defendant Prochnow could have prevented Defendant Haueter from using his taser on two occasions, approximately seven seconds each time, and could have intervened to prevent Stites's injuries and constitutional deprivations. Instead, Prochnow puts his knee on Stites's neck. Both Prochnow and Haueter, instead of intervening on the use of excessive force, decided to use excessive force themselves.

42. The unlawful misconduct described in this claim was also undertaken pursuant to the de facto policy and practice of the City of Lodi and County of Columbia, as described below.

43. As a result of the individual Defendants' failure to intervene and the City of Lodi and Columbia County policies and practices written or otherwise, Stites suffered injuries, losses, and damages set forth herein.

44. That the defendant, City of Lodi and Columbia County, are liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

### VII.  THIRD CLAIM FOR RELIEF –<br>MONELL CLAIM

45. The Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

46. The acts of the individual Defendants unlawfully arresting Stites  without any justification was done in accordance with the City of Lodi and Columbia County and its police departments de facto policy, regulation, decision, or custom condoning excessive force in executing a rest, false arrests, and/or  otherwise violating a person's equal protection rights

including by the city's/county's  or in this case to date, Defendants and their failure to adequately discipline the defendant officers for such violations.   That these respective defective policies were officially adopted expressly or implicitly or promulgated or practices ratified by the Lodi/Columbia County through their Chief of Police Wayne Smith and Sheriff Roger L. Brandner, and such constitute a de facto governmental custom in such a department even though such customs may not be received through written approval by the city/county, and even though such de facto policies are inconsistent with or even violate Lodi and Columbia County's written policies.

47.    Official or de facto policy or custom of utilizing excessive force and/or  violating persons equal protection rights permitted, encouraged, tolerated, and ratified the actions of Defendants Messer, K-9 Rico, Prochnow, and Haueter  all in a malicious or Reckless disregard or with deliberate indifference to Stites's  4th and 14th Amendment rights by among others,  the Defendants Chief's and Sheriff's failure to adequately discipline the officers for their unlawful conduct and not just for failing to supervise the situation.

48.    This official or defective policy and custom of utilizing excessive force and/or violating persons equal protection rights was allowed to continue as a result of among others, the Lodi and Lodi Police Department/Columbia County and Columbia County Sheriff's Department's failure to adequately supervise and/or train its employees and/or its use of K-9 dogs like Rico, upon information and belief some or all of the individual Defendants and other Lodi Police Officers and Columbia County Sheriff Deputies, had previously used a K-9 to attack and bite a suspect and/or use taser (2x) and/or kneeling on a person's neck, which is an unjustified and excessive manner, or had executed arrests against individuals in an unjustified manner, without being adequately disciplined and/or properly trained.

49.    That the described conduct on the part of all Defendants, including Lodi Chief of Police Wayne A.  Smith,  and  Columbia  County  Sheriff,  Roger  L.  Brandner,  in  their  official

capacity, was a cause of the Plaintiff's injuries, losses, and damages set forth herein.

50.     The Defendants, Lodi and Columbia County, are liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

## VIII.  FOURTH CLAIM FOR RELIEF

51.     The Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

52.     That the above described conduct of all the individual Defendants was unlawful, extreme, malicious, outrageous, and/or  intentional.

53.     That such conduct was intended to cause Stites  unnecessary and severe personal, physical, and psychological, and emotional injuries.

54.     That such conduct on the part of all of the individual Defendants was a cause of the severe personal injuries, physical and psychological, and emotional distress suffered by Stites.

55.     At all times material here too, the individual Defendants acted maliciously, and/or with reckless disregard, and/or  with deliberate indifference toward Stites  or in unintentional disregard of their rights, such as to subject all individual Defendants to punitive damages.

56.     The Defendants, Lodi and Columbia county, are liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against these individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

**WHEREFORE,** the Plaintiff demands judgement against the Defendants, as follows:

a.  Against Defendants Messer, K-9 Rico, Prochnow, and Haueter, in their

individual capacities, for compensatory damages, for the violation of Mr. Stites's rights, as set forth above, in an amount to be determined as a trial of this matter.

b. Against Defendant Chief Smith and Sheriff Brandner in their official capacity, for compensatory damages for the violation of Mr. Stites, as set forth above, in the amount to be determined at a trial of this matter.

c. Against Defendant Messer and K-9 Rico for punitive damages for the violation of Mr. Stites's rights, as set forth above, in an amount to be determined as a trial of this matter.

d. Against Defendant Officer Prochnow for punitive damages for the violation of Mr. Stites's rights, as set forth above, in an amount to be determined as a trial of this matter.

e. Against Defendant Lt. Haueter for punitive damages for the violation of Mr. Stites's rights, as set forth above, in an amount to be determined as a trial of this matter.

f. Against Defendant City Lodi and County of Columbia for its liability pursuant to Wis. Stat. §895.46 to indemnify the individual Defendants in an amount to be determined at a trial of this matter;

g. For all costs, disbursements and actual attorney' fees pursuant to 42 U.S.C.A. § 1988, and for such other relief as the Court deems just and equitable.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE.**

Dated at Wauwatosa, Wisconsin this 16th day of March, 2026.

**LAW OFFICES OF DAVID J. LANG, LLC**
Attorney for Plaintiff

By: /s/ David J. Lang

David J. Lang
State Bar No. 01001218

**MAILING ADDRESS**
8112 W. Bluemound Road, Suite 105
Wauwatosa, WI 53213
Telephone: (414) 777-0778
Fax: (414) 312-8418